**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**     **TELEPHONE (605) 224-0560**
BANKRUPTCY JUDGE      FAX (605) 224-9020

January 17, 2006

Stanton A. Anker, Esq.
Former counsel for Debtors
1301 West Omaha Street, Suite 108
Rapid City, South Dakota  57701

Bruce J. Gering,
Assistant United States Trustee
230 S. Phillips Avenue, Suite 502
Sioux Falls, South Dakota  57102

       Subject:  *In re Richard L. and Rita H. Anderson*,
                Chapter 7, Bankr. No. 05-41069

Dear Counsel:

     The matter before the Court is the *Application for Attorney's Fees to be Paid as an Administrative Expense* filed by Stanton A. Anker and the objection to the *Application* filed by the United States Trustee. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).[1]  As set forth below, Attorney Anker's *Application* will be denied.

     *Summary*. Attorney Stanton A. Anker, Debtors' former counsel, has sought as an administrative expense some of his unpaid fees for Chapter 7 services rendered for Debtors. He did not cite any statutory authority for his request. The services include both pre- and post-petition work. He said he originally agreed to take $850 for analysis and advice, preparing the petition and schedules, and representing Debtors at the § 341 meeting. That is also the sum reported on his July 27, 2005, Disclosure of Compensation. Subsequent to the petition, significant legal issues surfaced, and Debtors chose to employ other counsel. However, Attorney Anker, through the November 21, 2005 *Application*, requested additional fees - to be paid from the bankruptcy estate - for work related to the original filing and the post-petition issues, which he

---

     [1] Since no material facts are in dispute, a hearing was not needed.

*In re Richard L. & Rita H. Anderson*
January 17, 2005
Page 2

described as "extraordinary items." While his itemization of services and costs stated $2,693.01 remained unpaid, he appeared to request only $974.35 from the estate for the services and costs he labeled as "extraordinary" items.

The United States Trustee objected to Attorney Anker's *Application* on the grounds that his claim for pre-petition services is an unsecured general claim against the estate and his claim for post-petition services is a claim against Debtors' personally.

*Discussion.* The issues raised by Attorney Anker's *Application* are not new. The law is clear. Since amended in 1994, 11 U.S.C. § 330(a) no longer permits a Chapter 7 debtor's attorney's fees to be paid from the bankruptcy estate. Consequently, they cannot be paid as an administrative expense under 11 U.S.C. § 503(b)(2).

> Prior to the Supreme Court's January 25, 2004 ruling in *Lamie v. United States Trustee*, 124 S.Ct. 1023 (2004), this Court generally allowed a chapter 7 debtor's attorney reasonable compensation from the bankruptcy estate for "basic" chapter 7 services. Such basic services included analyzing the debtor's financial condition, rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; preparing the petition, the schedules of assets and liabilities, and the statement of financial affairs; and representing the debtor at the § 341 meeting of creditors. *See, e.g., In re Lorraine M. Hankins*, Bankr. No. 01-41241, slip op. at 3-6 (Bankr. D.S.D. May 9, 2003); *In re Robert L. Boeka, Jr.*, Bankr. No. 01-40301, slip op. at 2-4 (Bankr. D.S.D. July 11, 1996); and *In re Tommy O. and Diane E. Rice*, Bankr. No. 93-40057, slip ops. (Bankr. D.S.D. Dec. 18, 1995 and August 14, 1995). Following *Lamie*, however, the Court may no longer do so. A chapter 7 debtor's attorney may not be compensated by the bankruptcy estate for *any* services rendered after January 25, 2004, unless the attorney is employed by the case trustee for a specific purpose. *Lamie*, 124 S.Ct. at 1031-32; *In re Danny C. and Marla J. Wolff*, Bankr. No. 03-40853, slip op. at 3 (Bankr. D.S.D. May 17, 2004; *In re Linda L. Rosenow*, Bankr. No. 99-50365, slip op. at 4 (Bankr. D.S.D. Feb. 9, 2004).

*In re Richard L. & Rita H. Anderson*
January 17, 2005
Page 3


*In re Bradley M. and Debra J. Doerr*, Bankr. No. 01-40036, slip op. at 2 (Bankr. D.S.D. August 25, 2004). Instead, a Chapter 7 debtor's attorney needs to receive before the petition is filed all his fees for pre-petition services and expenses. *Fiegen Law Firm v. Fokkena (In re On-Line Services, Ltd.)*, 324 B.R. 342, 346-47 (B.A.P. 8th Cir. 2005).

Since all Attorney Anker's services were rendered after January 25, 2004, and since he was not employed by the case trustee, none of his fees are payable from the bankruptcy estate under 11 U.S.C. §§ 330 and 503(b)(2). *On-Line Services*, 324 B.R. at 348. Attorney Anker may file a proof of claim for any unpaid pre-petition fees (compensation for services, reimbursement for expenses, and applicable sales tax). Subject to objection under 11 U.S.C. § 502 and Fed.R.Bankr.P. 3007 and the availability of estate funds, these fees can be paid *pro rata* with other general unsecured claims. To the extent the pre-petition fees are not paid as a general unsecured claim, they will be discharged if Debtors receive a discharge. Payment of any reasonable Chapter 7 post-petition fees will be Debtors' personal responsibility.

Any fees Attorney Anker may receive for pre- or post-petition services and expenses remain subject to disgorgement if they are found unreasonable. 11 U.S.C. § 329(b) and Fed.R.Bankr.P. 2017. Whether a § 329(b) review is appropriate in this case will be decided after Adversary No. 05-4089 is resolved.

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JAN 17 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By MS

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JAN 17 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Richard Lee Anderson
411 N. 6th Street
Emery, SD 57332-7007

Rita Helene Anderson
411 N. 6th Street
Emery, SD 57332-7007

Fite & Pierce Law Office
PO Box 524
Brookings, SD 57006